Dear Mr Bossier:
On behalf of your clients, the Police Jury and the School Board of Pointe Coupee Parish, you have requested the opinion of this office regarding several acres of property owned by the School Board, which property is not Sixteenth Section land. Your request has been assigned to the undersigned for research and reply.
It is our understanding that the property in question is no longer used for school purposes and the School Board wishes to dispose of same. Specifically, you ask that we address the issue of whether the School Board may transfer this property to the Police Jury, by sale, donation or otherwise, so that the Police Jury may utilize same to house community centers and other governmental agencies. In particular, you ask that we address the applicability of R.S. 17:87.6 and 33:1321 to this situation, and whether a transfer in accordance with these provisions would violate La. Const. (1974) Art. VII, Sec. 14.
The issues presented by your letter will be addressed in two parts. We will first address the issue of a donation by the School Board. That inquiry will also address the issue of joint endeavors in accordance with R.S. 33:1321.
Art. VII, Sec. 14(A), in pertinent part provides:
 ". . . the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
Art. VII, Sec. 14(B) provides certain exceptions to that rule; however, the donation of school board property to a police jury does not fit within one of those exceptions. Further, our research did not reveal any other constitutional exception which would authorize such an exception.
We note that Art. VII, Sec. 14(C) authorizes political subdivisions to engage in cooperative endeavors for a public purpose. In our opinion, R.S. 33:1321, regarding joint endeavors, must be read in pari materia with Art. VII, Sec. 14(C), which was interpreted by the Supreme Court in City of Port Allen v. Louisiana Municipal Risk Agency, Inc., 439 So.2d 399
(La. 1983).
In City of Port Allen, the Court stated that Art. VII, Sec. 14(A) ". . . is violated whenever the state or a political subdivision seeks to give up something of value whenever it is under no obligation to do so." The Court also stated that the constitutional authorization for cooperative endeavors, contained in Sec. 14(C), does not provide an exception to the provision contained in Sec. 14(A):
 "There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A); the exceptions are clearly contained in Sec. 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions . . . merely for a `public purpose'."
We note that the Supreme Court's decision in Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990) indicates that a transfer of property by a political subdivision would not violate Art. VII, Sec. 14, if the transfer was made "in the discharge of the [political subdivision's] constitutional or legal duties" and if the transfer was accepted by the transferee, "with a commitment to assist the [political subdivision] in carrying out its constitutional and legal duties . . ."
As previously noted, your letter provides that the police jury would utilize the property to house community centers and other governmental agencies. While that use of the property would clearly serve a public purpose, it is our opinion that the function of school boards is limited to providing public education. As such, the School Board has no legal obligation or authorization to utilize its assets to provide housing or office space for community centers or other governmental agencies, either independently or in conjunction with the police jury.
In light of the foregoing, it is the opinion of this office that the Pointe Coupee Parish School Board may not donate its property, directly, or indirectly pursuant to a joint endeavor with the police jury, for the purpose of housing community centers and other governmental agencies.
The second issue presented by your letter regards the ability of the School Board to sell or otherwise dispose of this property to the Police Jury for the Parish of Pointe Coupee, other than by donation.
Regarding the sale of public property by school boards, R.S. 41:891 provides:
 Whenever the school board of any parish or city determines that any school lands or other immovable property under its control are no longer needed for school purposes and that the best interest of the public school system would be served by the sale of such lands, the school board shall have authority to dispose of such lands at public auction or under sealed bids in accordance with the procedure set forth in this subpart; provided that this subpart shall not apply to the sale of sixteenth section lands, school indemnity lands or any other school lands for the sale of which the law already has provided a procedure in Chapter 6 of Title 41 of the Louisiana Revised Statutes or elsewhere in the law.
In our opinion, the School Board can only sell immovable property in accordance with the procedure set forth in R.S.41:891, et seq. unless the property falls within the exception contained within R.S. 41:891 for "the sale of sixteenth section lands, school indemnity lands, or any other school lands for the sale of which the law has already provided a procedure in Chapter 6 of Title 41 . . .".
You have advised that the land in question is not sixteenth section lands. We assume it is not school indemnity lands (lands which the states were permitted to select in lieu of sixteenth section lands), and we note that Chapter 6 of Title 41 does not describe a "procedure" for the sale of any lands other than sixteenth section or indemnity lands.
We do note, however, that R.S. 41:637-639 (contained within Chapter 6 of Title 41) requires a reservation of mineral rights in favor of the state of Louisiana, and limits the use of the proceeds received by the School Board, in connection with the disposition of property described in R.S. 41:637 or 638.
R.S. 41:637 describes real property which has been abandoned to school boards by "any association, organization or non-profit corporation" in order to comply with a title stipulation which requires the property to be utilized for school purposes. R.S. 41:638 describes real property acquired by school boards (or other governmental entities) by virtue of an act of transfer which "contains a stipulation that such property shall be used for public school or public educational purposes".
In accordance with R.S. 41:639, if the lands sought to be sold by the Pointe Coupee School Board are of the sort described in 41:637 and 638, then in addition to the requirement that such lands be sold in conformity with 41:891, such lands must also be sold with a reservation of mineral rights to the state of Louisiana and the proceeds of such sale must be used to procure public school sites.
We note that R.S. 41:891, which requires sale by public auction or sealed bids, only addresses sales of school board property and does not address any other disposition, such as an exchange. Your letter refers to R.S. 17:87.6, which, in our opinion, has been partially repealed by R.S. 41:891, at least in regard to sales of school board lands other than sixteenth section and school indemnity lands. In accordance with Attorney General's Opinion No. 75-1261, this office has already determined that R.S. 17:87.6 is still viable relative to dispositions other than sales, in particular, exchanges of property or leases.
It remains the opinion of this office that School Boards can exchange property which is no longer necessary for public purposes in accordance with R.S. 17:87.6. Of course, if the property is of the type described in R.S. 41:637-638, the exchange must be made in accordance with the requirements of41:639. Thus, the property transferred by the School Board would have to be transferred subject to a reservation of mineral rights to the State of Louisiana, and the property received by the School Board as its consideration for the exchange would have to be used for one or more public school sites.
It is also the opinion of this office that school boards have the ability to lease the lands in question to the Police Jury in accordance with R.S. 41:1291, et seq. Attorney General's Opinion No. 75-1261 and Opinion of the Attorney General dated February 13, 1963. Again, if the property is of the type described in 41:637-638, the mineral rights would have to be reserved to the State of Louisiana, and the rents received under the lease would have to be used to procure one or more public school sites.
Please note that if a disposition of the property is made by exchange or lease, care should be taken to insure that the School Board receives full consideration therefor, in order to avoid a violation of La. Const. (1974) Art. VII, Sec. 14.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv/265n